IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN JOHNSTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:15-CV-0852-DGK |
| | ) | |
| COMMERCE BANCSHARES, INC., and | ) | |
| PRUDENTIAL INSURANCE COMPANY | ) | |
| of AMERICA | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER GRANTING IN PART MOTION FOR ADDITIONAL DISCOVERY**

This ERISA action arises from Defendant Prudential Insurance Company of America's ("Prudential") termination of Plaintiff's long-term disability benefits.

Now before the Court is Plaintiff's motion to allow discovery beyond the administrative record (Doc 34). Because Plaintiff has shown good cause to conduct some limited discovery outside of the administrative record, the motion is GRANTED IN PART.

Plaintiff may discover: (1) internal communications from Prudential related to the reason his particular file was brought up for review; and (2) Standard Operating Procedures ("SOP") used by Prudential to determine when to review and terminate benefits, including SOP outlining any criteria used for triggering a review. This discovery is limited to requests for production of documents and things, and it excludes taking any depositions.

**Background**

Defendant Commerce Bancshares, Inc. ("Commerce"), employed Plaintiff as a senior computer programmer. As part of his compensation, it provided him with long-term disability insurance purchased from Prudential. Under the policy, Prudential operated as both the claims

administrator and the plan administrator who owed a fiduciary duty to the plan participants. As such, an inherent conflict of interest existed. *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 112, 114 (2008).

In June 2013, doctors found Plaintiff had a colloid cyst resulting in hydrocephalus, a condition which caused fluid buildup in his brain. Plaintiff had brain surgery to correct the problem, but apparently the procedure was not totally successful: the Social Security Administration declared Plaintiff totally disabled, and in November of 2013, Prudential determined he qualified for long-term disability benefits under the policy.

In January 2014, Commerce selected a new insurance company to provide disability insurance benefits, thus Prudential would not receive any premium payments for new policies. (Plaintiff, of course, retained any right to benefits he may have had under Prudential's policy.) Two months later, Prudential began reviewing Plaintiff's continued eligibility for benefits. On October 2, 2014, Prudential terminated Plaintiff's benefits retroactively, effective August 31, 2014.

Plaintiff subsequently sued Defendants under ERISA.

Prudential and Plaintiff hotly dispute the reasons why Prudential began reviewing his claim. Prudential contends that after it approved Plaintiff's claim it received additional medical records from Plaintiff's doctors that led it to question whether he was eligible for benefits. At least one of the reviewing doctors who examined these records questioned whether Plaintiff fully exerted himself in the testing. Plaintiff argues that the timing of events suggests that after Commerce terminated its relationship with Prudential, Prudential acted in its own self-interest to clear its books of a long-term financial liability in violation of its fiducial duty to Plaintiff as a plan participant.

2
Case 4:15-cv-00852-DGK   Document 40   Filed 08/01/16   Page 2 of 6

Plaintiff now moves to conduct discovery outside of the administrative record. Plaintiff seeks:

1. Any communications regarding the termination of relationship between Commerce and Prudential either internal or between the parties.

2. Any internal communications regarding Johnston from Prudential, including those related to the reason he was brought up for review or regarding his termination of benefits.

3. Prudential's SOP regarding review and termination of benefits as well as those outlining the criteria needed to trigger a review.

4. The criteria Prudential used to engage a reviewing doctor.

5. Any and all communications made between Prudential and the reviewing doctors.

6. Any and all statistics regarding the dismissal rate of claims for the reviewing physicians in this case.

7. Information on any company incentive programs for employees of Prudential, specifically those related to claim denial and saving the company money.

8. Employee records of the persons conducting review of Plaintiff's situation.

**Standard**

Since Congress enacted ERISA to provide for the quick and inexpensive adjudication of benefit disputes, and permitting extensive discovery would increase the cost of the litigation, *Winterbauer v. Life Ins. Co. of N. Am.*, No. 4:07-cv-1026-DDN, 2008 WL 4643942, at *3 (E.D. Mo. Oct. 20, 2008), discovery in ERISA cases is generally limited to what is in the administrative record. *See Jones v. ReliaStar Life Ins. Co.*, 615 F.3d 941, 945 (8th Cir. 2010).

Prior to the Supreme Court's decision in *Metropolitan Life Insurance Company v. Glenn*, courts permitted discovery beyond the administrative record if the plaintiff established good

cause.  *See Menz v. Procter & Gamble Health Care Plan*, 520 F.3d 865, 871 (8th Cir. 2008) (noting "If a conflict of interest is not apparent from the record, the district court may permit discovery and supplementation of the record to establish these facts if the plaintiff makes a showing of good cause.").  *Glenn* arguably liberalized discovery in ERISA cases, at least with respect to conflict of interest issues.  *Winterbauer*, 2008 WL 4642942 at *4-5.  Eight years after *Glenn*, however, it is still unclear when a plaintiff may conduct discovery into the extent of a plan administrator's conflict of interest.  *Atkins v. Prudential Ins. Co.*, 404 F. App'x 82, 85 (8th Cir. 2010) (noting the Eighth Circuit has "not yet decided whether *Glenn* affects discovery limitations under ERISA").

Eighth Circuit guidance on this issue is limited.  The Eighth Circuit reviews a district court's decision to grant or deny discover in an ERISA case under an abuse of discretion standard.  *Jones*, 615 F.3d at 945.  And while it has repeatedly upheld a decision to deny discovery on the grounds that the plaintiff did not need information beyond that in the administrative record, *see, e.g., id.*, it has apparently never reviewed a decision granting discovery into the extent of a plan administrator's conflict of interest.  But several district courts in this circuit, including this one, have approved discovery into the extent of an administrator's conflict of interest where the plaintiff showed good cause.  *See, e.g., Schoolman v. United Health Ins. Co.*, No. 4:13-282-TIA, 2013 WL 6683111, at *2 (E.D. Mo. Dec. 18, 2013); *Porter v. Sun Life & Health Ins. Co.*, No. 4:09-0344-DGK (W.D. Mo. Aug. 27, 2010), *Winterbauer*, 2008 WL 4643942, at *4-5.

Accordingly, consistent with its previous rulings and the rulings of other district courts in this Circuit, the Court holds Plaintiff should be permitted to conduct discovery into the extent of the administrator's conflict of interest if he shows good cause.

4

**Discussion**

**I.    Plaintiff has not established good cause to conduct discovery from Commerce.**

Commerce notes its role in this case was limited to purchasing Plaintiff's long-term disability insurance policy from Prudential. Commerce observes it was not the plan administrator or the claims administrator so it could not be operating under a conflict of interest. Nor is it not responsible for compiling or supplementing the administrative record, so it would have no idea whether the administrative record is complete.

Plaintiff contends discovery from Commerce "is necessary to show evidence of motive as well as to ensure that proper methodology was used in the initiation of the claim prior to the start of the administrative record." Reply Br. (Doc. 37) at 1.

The Court finds any alleged motive relevant to this case would be Prudential's motive as the plan administrator/claims administrator to review and deny Plaintiff's eligibility for benefits. Any records documenting such a motive would be in Prudential's files, not Commerce's.[1] Further, Plaintiff has not explained what "proper methodology . . . used in the initiation of the claim" is, much less how it is relevant to this case. Accordingly, Plaintiff has not established good cause to conduct any discovery from Commerce.

**II.   Plaintiff has established good cause to conduct discovery from Prudential on two narrow issues.**

Prudential responds to Plaintiff's request for discovery by arguing the information sought is: (1) already addressed in the administrative record which was previously produced to Plaintiff; (2) unrelated to any potential conflict of interest; or (3) unnecessary to determine whether a conflict of interest played a role in its decision to review and deny Plaintiff's claim.

---

[1] Granted, some relevant documents might be found in both Defendants' records; for example, a letter sent from Prudential to Commerce explaining that it was raising its rates to compensate for expenses associated with Plaintiff's claim. Even then, a copy of this letter would still be in Prudential's files.

5

The Court largely agrees with Prudential's observations and finds Plaintiff has not shown good cause to conduct any discovery on categories 1 and 4-8.  However, Plaintiff's allegations are plausible and sufficiently corroborated by the record, namely the timing of events in this case, so as to establish good cause to conduct very limited discovery into the extent of Prudential's conflict of interest.  Thus Prudential should answer portions of requests 2 and 3.

Accordingly, the Court holds Plaintiff may discover:  (1) internal communications from Prudential related to the reason his particular file was brought up for review; and (2) SOP used by Prudential to determine when to review and terminate benefits, including SOP outlining any criteria used for triggering a review.  This discovery is limited to requests for production of documents and things, and it excludes taking any depositions.

**IT IS SO ORDERED.**

Date:   August 1, 2016             /s/ Greg Kays
                                   GREG KAYS, CHIEF JUDGE
                                   UNITED STATES DISTRICT COURT